UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 04/19/2024
```

HEATHER GRIER, *individually and on behalf of her minor child BG*,

                Plaintiffs,

  -against-

ORANGE COUNTY, *hereinafter "OC"*,
ORANGE COUNTY DEPARTMENT OF
SOCIAL SERVICES, *hereinafter "OCDSS"*,
JOHN KARL, III
PETER R. SCHWARZ, Esq., *in his individual and Official capacity as attorney for OCDSS*,
MARK SPECTHRIE, Esq., *in his individual and professional capacity*,
JOHN DOE, *in his or her respective individual & Official capacities, with fictitious names intended to Represent County of Orange employees, or State of New York employees, who may have been involved in the incidents that violated Plaintiffs' federal rights, but whose real names, precise number, and level of involvement are currently unknown to Plaintiffs*,

                Defendants.

No. 24-cv-02028 (NSR)

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

    On March 25, 2024, Plaintiffs Heather Grier, individually and on behalf of her minor child BG, (referred to together as "Plaintiff" throughout) submitted to the Court an Order to Show Cause for a Temporary Restraining Order and Preliminary Injunction (the "Application"). (ECF No. 10.) Specifically, the Application sought to enjoin Defendants from "enforcing 'the agreement' purportedly agreed on between the parties on April 22, 2022, through which Plaintiff Heather Grier accepted guardianship over BG in favor of Defendant John Karl III and Defendants OC and OCDSS withdrew a Neglect Petition against Plaintiff Heather Grier without prejudice." Defendants Orange County (the "County"), Orange County Department of Social Services

1

("OCDSS"), and Peter R. Schwarz, Esq. ("Schwarz") (collectively, the "County Defendants") oppose Plaintiff's Application.[1] (ECF No. 15.)

For the following reasons, Plaintiff's motion is denied without prejudice to renew.

## **FACTUAL BACKGROUND**

The following facts are taken from the parties' submissions.[2]

On or about January 14, 2022, OCDSS filed a petition for child neglect and temporary removal of a child against Grier in the Orange County Family Court (the "Family Court"). On March 17, 2022, Defendant Karl filed a guardianship petition for BG. Plaintiff opposed the petition and trial was scheduled for April 22, 2022. In lieu trial, the parties agreed and consented to an order appointing Karl as guardian of BG (the "Agreement") on April 22, 2022. Pursuant to the Agreement, Grier agreed to accept a guardianship petition filed by Defendant Karl and Defendants OC and OCDSS agreed to withdraw the neglect petition against Grier without prejudice. BG was then legally placed in Defendant Karl's custody.

On August 2, 2022, the Family Court issued an order (the "Order") appointing Defendant Karl guardian over BG in accordance with the terms of the Agreement. In addition to appointing guardianship to Karl, the Order provided that Grier would be allowed visitation on Tuesdays, Fridays, and every other Saturday for a set period of time. The Order further provided that "visitation . . . is contingent on [Grier] remaining enrolled in mental health counseling and drug and alcoholic counseling until successfully discharged by each of the respective providers."

---

[1] As of the date of this Opinion, Plaintiff has not effected service of the summons and complaint on Defendants.
[2] These submissions include: Plaintiff's Verified Complaint ("Compl.") (ECF No. 4), Plaintiff's Memorandum of Law in Support of Plaintiff's Application ("Pl. Mem.") (ECF No. 11), Plaintiff's Declaration of Joshua A. Douglass ("Douglass Decl.") (ECF No. 17), Plaintiff's Reply Memorandum of Law ("Pl. Reply") (ECF No. 16), Plaintiff's Reply Affidavit of Heather Grier ("Grier Aff.") (ECF No. 18), Defendants' Declaration of Carol C. Pierce ("Pierce Decl.") (ECF No. 14), and Defendants' Memorandum of Law in Opposition ("Defs. Opp.") (ECF No. 15).

On or about September 13, 2023, with her current attorney substituted as counsel, Plaintiff informed the Family Court that she intended to move to terminate/vacate the guardianship agreement. The Family Court informed Plaintiff and her attorney that she would have to show "extraordinary circumstances" necessitated the guardianship no longer existed to have custody revert to Plaintiff. The Family Court then scheduled a trial which is currently ongoing.

## PROCEDURAL HISTORY

On or about March 20, 2024, Plaintiff filed her Complaint against Defendants, alleging claims for violations of the Fourteenth Amendment, the New York State Constitution, and New York State Family Court § 262(b). ("Compl.," ECF No. 4.) Subsequently, on March 22, 2024, Plaintiff's counsel emailed County Defendants' counsel to give notice that Plaintiff's counsel was filing the instant Order to Show Cause. (Douglass Decl., Ex. A.) In response to the email, the County Defendants rejected electronic service on behalf of themselves and Defendant Karl. (*Id.*) As of the date of this Opinion, Plaintiff has not effected service of the summons and complaint on Defendants.

On March 25, 2024, Plaintiff submitted to the Court the instant Order to Show Cause for a Temporary Restraining Order and Preliminary Injunction (the "Application") (ECF No. 10) and accompanying memorandum in support (ECF No. 11). That same day, the County Defendants emailed the Court a letter motion requesting the Court deny the Application or grant them leave to respond. (ECF No. 12.) In response, the Court set a briefing schedule for the County Defendants to file an Opposition and for Plaintiff to file a Reply.

Upon due consideration of the parties' papers, the Court denies the Application without prejudice on the grounds that the Court lacks subject matter jurisdiction.

3

**LEGAL STANDARD**

    I.    **Preliminary Injunction/Temporary Restraining Orders**

The Court applies the same standard to applications for a preliminary injunction and a temporary restraining order. *Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992) (the "standards which govern consideration of an application for a temporary restraining order [] are the same standards as those which govern a preliminary injunction.").

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the [movant] is entitled to such relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008). "A party seeking a preliminary injunction must demonstrate: (1) 'a likelihood of success on the merits or . . . sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the plaintiff's favor'; (2) a likelihood of 'irreparable injury in the absence of an injunction'; (3) that 'the balance of hardships tips in the plaintiff's favor'; and (4) that the 'public interest would not be disserved' by the issuance of an injunction." *Benihana, Inc. v. Benihana of Tokyo, LLC*, 784 F.3d 887, 895 (2d Cir. 2015) (quoting *Salinger v. Colting*, 607 F.3d 68, 79-80 (2d Cir. 2010)).

"A showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Faively Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009); *see Singas Famous Pizza Brands Corp. v. N.Y. Adver. LLC*, 468 F. App'x 43, 45 (2d Cir. 2012). "To satisfy the irreparable harm requirement, Plaintiff[ ] must demonstrate that absent a preliminary injunction [it] will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." *Faively*, 559 F.3d at 118 (quoting *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d

60, 66 (2d Cir. 2007)). The "mere possibility of irreparable harm is insufficient to justify the drastic remedy of a preliminary injunction." *Borey v. Nat'l Union Fire Ins. Co.*, 934 F.2d 30, 34 (2d Cir. 1991).

## DISCUSSION

In the Application, Plaintiff seeks an Order "enjoining Defendants during the pendency of this action from enforcing" the Agreement which awarded custody of BG to Defendant Karl. Plaintiff argues that she will suffer irreparable harm in the absence of a temporary restraining order and preliminary injunction because of the "unlawful and unconstitutional, separation of [Grier] and her child." (Pl. Reply at 5.) Plaintiff advances the following arguments in support of her application: (1) the colloquy conducted by the Family Court violated her substantive due process rights; (2) the Court appointed attorney violated her right to effective assistance of counsel; (3) and the "extraordinary change of circumstances" standard violates her substantive due process rights. (Pl. Mem. at 9-14.) The County Defendants asks the Court to deny Plaintiff's application on several grounds. The Court agrees with the County Defendants.

### A. *Rooker-Feldman*

Federal courts lack subject matter jurisdiction to review cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 86 (2d Cir. 2005) (Courts may dismiss a plaintiff's suit for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine "if the federal suit [] complains of injury from a state-court judgment and seeks to have that state-court judgment reversed."). The *Rooker-Feldman* doctrine—named for *Rooker v. Fidelity Trust Co.*, 263 U.S. 413,

5

415-16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983)—applies where the federal-court plaintiff: (1) lost in state court, (2) complains of injuries caused by the state-court judgment, (3) invites the district court to review and reject the state court judgment, and (4) commenced the district court proceedings after the state-court judgment was rendered. *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014).

The core of Plaintiff's argument is that her constitutional rights were violated because she was not properly informed of the duration of the guardianship pursuant to Family Court Order by either her court-appointed attorney or the Family Court itself. While Plaintiff couches her claims in constitutional terms, her true aim is clear. Having lived with the conditions imposed by the Family Court in its Order for nearly two years, Plaintiff now challenges that Order on constitutional grounds. Regardless of how Plaintiff has framed her Application,[3] it is clear that she asks the Court to set aside the Order appointing Defendant Karl as guardian. Plaintiff characterizes the alleged harm as caused by Grier and BG's separation, and thus it stems directly from the Order. (*See generally* Grier Aff.) Plaintiff states the "irreparable harm is quite evident" because "[s]tudies show that children who are separated from a parent have long term emotional traumas" and her and BG "have already suffered physical manifestations of the trauma their separation has caused." (Pl. Mem. at 15-16.) Plaintiff thus seeks the Court's review and reversal of a state court's decision. This is true even though Plaintiff has framed her Application as a constitutional claim. *Hoblock*, 422 F.3d at 84 (constitutional claims "inextricably intertwined with the state court's denial in a juridical proceeding" are also not subject to federal review) (citing *Feldman*, 460 U.S. at 483-84).

---

[3] Throughout her Application, Plaintiff states she seeks to "enjoin the [A]greement." As the Order was issued pursuant to the Agreement, they are one and the same. Therefore, in essence, Plaintiff asks the Court to enjoin the Order.

6

Accordingly, the Court lacks jurisdiction over Plaintiff's Application under the *Rooker-Feldman* doctrine. *See Skillings v. City of New York*, No. 21 CV 3034 (DG)(LB), 2023 WL 8531493, at *7 (E.D.N.Y. Jan. 19, 2023) (finding the Court lacked subject matter jurisdiction over review of final Family Court orders issued prior to the action); *Arce v. Turnbull*, No. 18-CV-635 (LJV), 2020 WL 2468190, at *3-5 (W.D.N.Y. May 13, 2020), *report and recommendation adopted*, No. 18-CV-635, 2020 WL 4059108 (W.D.N.Y. July 20, 2020), *adhered to*, No. 18-CV-635, 2020 WL 5228260 (W.D.N.Y. Sept. 2, 2020) (dismissing plaintiff's claim for lack of subject matter jurisdiction because of plaintiff's "unmistakable" efforts to overturn state-court proceedings and award him custody of his son). Plaintiff's Application is thus denied without prejudice.

### B. *Younger* Abstention

Finally, to the extent that Plaintiff seeks any relief with respect to the ongoing Family Court action, the Court abstains under the *Younger* abstention doctrine.

Under the *Younger* abstention doctrine, federal courts should generally refrain from enjoining or otherwise interfering in ongoing state proceedings. *Spargo v. New York State Comm'n on Jud. Conduct*, 351 F.3d 65, 67 (2d Cir. 2003) (citing *Younger v. Harris*, 401 U.S. 37, 44–45, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971)). "Younger abstention is required when three conditions are met: (1) there is an ongoing state proceeding; (2) an important state interest is implicated in that proceeding; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims." *Morpurgo v. Incorp. Vill. of Sag Harbor*, 327 F. App'x 284, 285 (2d Cir. 2009) (citation omitted).

For the first condition, *Younger* applies in three categories of state court proceedings: "(1) state criminal prosecutions; (2) civil proceedings that are 'akin to criminal prosecutions'; or (3) civil proceedings that 'implicate a State's interest in enforcing the orders and judgments of its

courts.'" *Walker v. Jolly*, No. 23-CV-1430 (LTS), 2023 WL 3304546, at *5 (S.D.N.Y. May 5, 2023) (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013)). "Both the Supreme Court and the Second Circuit have observed that a 'state-initiated proceeding to gain custody of children allegedly abused by their parents' falls within the second category." *Torres v. Gaines*, 130 F. Supp. 3d 630, 636-37 (D. Conn. 2015) (citing *Davis v. Baldwin*, 594 F. App'x 49, 51 (2d Cir. 2015)).

"If the federal action falls into one of these three categories, a Court may then consider . . . whether the state interest is vital and whether the state proceeding affords an adequate opportunity to raise the constitutional claims." *Id.* (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). States "have an especially strong interest" in managing their own divorce and custody proceedings. *Falco v. Justs. of the Matrimonial Parts of Supreme Ct. of Suffolk Cnty.*, 805 F.3d 425, 427 (2d Cir. 2015).

As discussed above, Plaintiff asks the Court to review and intervene in the Family Court proceedings. Plaintiff's Application is essentially a petition for the Court to restore her custody over BG. Plaintiff even admits this as she argues that the "*Younger* doctrine, as well as *Rooker-Feldman*, cannot be found to be obstacles to the fundamental interests of Ms. Grier to *raise her child in the way she sees fit*." (Pl. Reply at 5 (emphasis added).) Accordingly, the Court must abstain from and dismiss Plaintiff's Application. *See Mohammed v. Paige*, No. 17-CV-5520 (JPO), 2018 WL 2371724, at *2 (S.D.N.Y. May 23, 2018) (dismissing plaintiffs' claims seeking review of family court proceedings under *Younger* sua sponte).

**CONCLUSION**

For the foregoing reasons, Plaintiff's Application is denied without prejudice to renew upon an adequate showing of subject matter jurisdiction.[4] The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 10.

Dated: April 19, 2024  　　　　　　　　　　　SO ORDERED:
　　　　　White Plains, New York

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　NELSON S. ROMÁN
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[4] The Court also dismisses the Application on the grounds that Plaintiff has not effected service of the summons and Complaint on all named Defendants.